To: Agent or Officer

RECEIVED AND [FILED]

FEB 1 2 28 PM '11

Robert A Onufryk - **Debtor Pro Se**
4540 Bingham Ave
Las Vegas, NV 89110
(702) 438-0594

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:                                     )     Chapter   13
    Robert A Onufryk           )     CASE # 10-32366
                                           )
                                           )
    Pro-Se Debtor              )     Hearing Date: 3/10/2011
                                           )     Hearing Time: 3:05 Pm

Ammended
## MOTION TO DETERMINE SECURED STATUS AND TO STRIP LIEN

    I the Debtor Pro Se, Robert A Onufryk, move this Court to value my principal residence located at 4540 Bingham Ave, Las Vegas, NV 89110, and determine that the junior lien(s) with SAXON Mortgage with an estimated balance due of $ 33,000.00 be avoided stripped off and reclassified as a general unsecured claim pursuant to 11 U.S.C. 1322(b)(2) and 506(a).

    I declare that the estimated value of the property compared to the sale of similar homes in the area as January 28, 2011 to be in the range of $ 39,000.00 which is less than the amount of the 1st Mortgage Lien of $ 131,000.00 also held by SAXON Mortgage causing insufficient equity in the residence to secure the 2nd Mortgage lien held by SAXON Mortgage to be wholly unsecured whereas if said property were foreclosed or otherwise sold at auction there would be insufficient proceeds to pay anything to the 2nd Mortgage Lien Holder SAXON Mortgage.

    THEREFORE, the claim held by SAXON Mortgage should be reclassified as unsecured to share pro rata with other general unsecured creditors through the Chapter 13 Plan that was filed with my Chapter 13 Case with any proofs of claims filed by SAXON Mortgage be

1

1  modified accordingly to document the claim be identified as unsecured and avoided by Order of
2  this Court pursuant to 1322(b)(2), 506(a), 502(a) and Bankruptcy Rules 3012 and 9014.

### LEGAL ARGUMENT

**A.**  **A Wholly Unsecured Lien Encumbering Debtors Principal Residence May be Avoided Because Modification is Authorized / Not Prohibited by 11 U.S.C. 1322(b)(2)**

**11 U.S.C. 1322(b)(2) provides in pertinent part:**
**(b)** Subject to subsections (a) and (c) of this section, the plan may -

\*\*\*\*

**(2)** modify the rights of holders of secured claims, other than a claim secured by a security interest that is secured by an interest in real property that is the debtors principal residence.

**B.**  **The Claim by Lienholder May be Bifurcated into Secured and Unsecured Claims Pursuant to 11 U.S.C. 506(a)**

**11 U.S.C. 506(a)(1) provides in pertinent part:**
**(a)(1)** An Allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition.

**C.**  **Any Proof of Claim Filed by Named Lienholders Should be Conformed by Order of This Court to any Modifications of Their Rights Determined by this Court.**

**11 U.S.C. 502** provides that a claim of interest represented by proper Proof of Claim filed pursuant to section 501 is deemed allowed unless objected to. I the Debtor herewith have objected to any and all Proof of Claim which may be been filed by SAXON Mortgage and request that any Proof(s) of Claim of same representing such claim be modified accordingly to an unsecured claim consistent with the Order of this Court determining that the 2nd mortgage lien held by SAXON Mortgage be wholly unsecured.

**WHEREFORE,** I the Debtor Pro Se, pray that this Court :

2

1. Determine that the value of the property to be in an amount less than the balance of the first lien holder.

2. Avoid, Strip and extinguish the junior lien holders unsecured claim pursuant to 11 U.S.C. 506(a) upon completion of the Chapter 13 plan.

3. Reclassify the claim of the junior lien holder as a general unsecured claim to be paid pro rata with other general unsecured creditors through the Chapter 13 plan.

4. Conform any Proof of Claim filed by the junior lien holder to the unsecured status of said claim(s) as determined by this Court.

5. Order such other relief as the Court may deem appropriate.

**RESPECTFULLY** Submitted this \_\_1\_\_ day of February 2011 by the Debtor Pro Se.

*/s/ Robert A. Onufryk*

**Robert A Onufryk** –
4540 Bringham Ave
Las Vegas, NV 89110

**IT IS SO ORDERED.**

**ENTERED :**                              Dated: _____

                                           **BY THE COURT**

                                           _____
                                           *United States Bankruptcy*

3